UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, Plaintiff, v. JAMES D. NOLAND, JR.; LINA NOLAND; SCOTT A HARRIS; THOMAS G. SACCA; SUCCESS BY MEDIA HOLDINGS, INC.; and SUCCESS BY MEDIA LLC, Defendants. | **MEMORANDUM DECISION AND ORDER TRANSFERRING MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH SUBPOENAS (DOC. NO. 2)** <br><br> Case No. 2:20-cv-00908-DBB-DAO <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Before the court[1] is Plaintiff Federal Trade Commission's ("FTC") Motion to Compel Production of Documents in Compliance with Subpoenas to Nonparties Jeffrey Wright, Amber Wright, and Mycobody International, Inc., and to Transfer this Matter to the Issuing Court ("Mot. to Compel," Doc. No. 2). The FTC's motion relates to subpoenas issued by the United States District Court for the District of Arizona in *Federal Trade Commission v. Noland*, No. 2:20-cv-00047-DWL. The FTC seeks to either (1) compel nonparties Jeffrey Wright, Amber Wright, and Mycobody International, Inc. ("Mycobody") to comply with the subpoenas, or (2) transfer the motion to compel to the issuing court in the District of Arizona. (Mot. to Compel 1, Doc. No. 2.) Neither the Wrights nor Mycobody responded to the FTC's motion.

---

[1] The district judge has referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (Doc. No. 4.) The issue of whether to transfer a subpoena-related motion to the court having jurisdiction over the underlying case is a nondispositive matter. *Giuffre v. Maxwell*, No. 2:16-mc-00602, 2016 U.S. Dist. LEXIS 85512, at *2 (D. Utah June 30, 2016) (unpublished).

1

Under Rule 45 of the Federal Rules of Civil Procedure, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The advisory committee's notes to this rule provide guidance regarding "exceptional circumstances":

> [T]he proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

The FTC filed the underlying action in the District of Arizona on January 8, 2020, against owners and operators of an alleged pyramid scheme. (Compl. for Permanent Inj. and Other Equitable Relief, *Federal Trade Commission v. Noland*, No. 2:20-cv-00047-DWL (D. Ariz.) ("Noland Action"), Doc. No. 3.) According to the FTC, the Wrights are close professional and personal associates of the defendants in that action, have transferred large sums of money to the defendants, and have created a new company, Mycobody, which sells nearly identical products. (Mot. to Compel 2–5, Doc. No. 2.) Previously, the FTC subpoenaed documents from the Wrights and Mycobody as well as from the Wrights' bank regarding these matters. (*Id.* at 6–7.) The Wrights did not respond to the subpoenas, but filed a motion in the District of Arizona to quash the subpoena to their bank, which the court denied. (*Id.* at 7; Order, Noland Action, Doc. No. 248, filed as Ex. C to Mot. to Compel, Doc. No. 2-3 at 55–60.)

Under these circumstances, the FTC has met its burden to demonstrate exceptional circumstances warrant transferring the motion to compel to the District of Arizona. The court's order on the Wright's motion to quash addressed many of the same issues presented in the FTC's motion to compel, including the relationship between the Wrights and the defendants and the relevance of the information sought concerning the Wrights' financial transactions. (*See* Order, Noland Action, Doc. No. 248, filed as Ex. C to Mot. to Compel, Doc. No. 2-3 at 55–60.) Thus, the District of Arizona court is in a superior position to rule on the related issues presented by the FTC's motion to compel, and transferring the motion will promote consistency among discovery decisions in the underlying litigation. *See Giuffre v. Maxwell*, No. 2:16-mc-00602, 2016 U.S. Dist. LEXIS 85512, at *4–6 (D. Utah June 30, 2016) (unpublished) (finding exceptional circumstances warranted transfer of a motion to quash where similar discovery issues were pending before the issuing court). Additionally, any burden to the Wrights and Mycobody of appearing in the District of Arizona is minimal, given that the Wrights have already appeared there to litigate similar, subpoena-related issues. For these reasons, exceptional circumstances warrant transferring the motion to compel to the District of Arizona.

Accordingly, the court GRANTS the FTC's transfer request and ORDERS that the motion to compel be transferred to *Federal Trade Commission v. Noland*, No. 2:20-cv-00047-DWL (D. Ariz.).

DATED this 15th day of April, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge